## Case No. 9,014.

### MANDEVILLE et al. v. MACKENZIE.

[1 Cranch, C. C. 23.] [1]

Circuit Court, District of Columbia. July Term, 1801.

NOTES—INDORSER—SUIT AGAINST MAKER — INEFFECTUAL RETURN.

In order to charge an indorser in Virginia, it is necessary for the plaintiff to show that he instituted his suit against the maker in due time, and prosecuted it diligently to an ineffectual execution.

Assumpsit by the indorsee against the indorser of a promissory note made by John McIver, payable to the defendant [Alexander Mackenzie], and by him indorsed to the plaintiffs [Mandeville & Jamieson]. The note was payable on the 19th of February, 1797, and protested for non-payment on the 20th. The jury found a special verdict in these words, namely: "We find the note in the declaration mentioned in these words, namely: We find the indorsement, &c. We find that the plaintiffs instituted a suit in the court of hustings in the town of Alexandria, against the said John McIver, and obtained a judgment thereon against him. We find that the said judgment has not been paid, or any way satisfied. We find, that before the commencement of this suit, the said John McIver

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

became insolvent, and took the oath of an insolvent debtor, according to law. We find, that after the protest of the said note, and before the plaintiffs commenced suit against the said McIver, the plaintiffs received from said McIver, in part payment of said note, the following sums, namely: March 9th, 1797, $100; March 10th, $73.34; June 30th, $30. If the law be for the plaintiffs, we find for the plaintiffs $82.13 damages; if the law be for the defendant, we find for the defendant."

CRANCH, Circuit Judge. The contract of the assignor is to this effect, that he will repay the money to the assignee if the assignee cannot obtain the money from the promissor, having used due diligence therefor. The plaintiff, to entitle himself to recover, must make out his case; that is, he must show that he has not obtained the money from the maker of the note, and that he has used due diligence. It is admitted that a suit, prosecuted to judgment and execution, is, in Virginia, a necessary part of that diligence, (unless, perhaps, it can be shown that the maker was insolvent, or had run away,) but it is not the whole of due diligence. The plaintiff must show further that he prosecuted his suit in a reasonable time, that the execution has been delivered to the proper officer to be served, and that it has been ineffectual. This I take to be as necessary a part of the plaintiff's case, as it is to show that he brought a suit; for the defendant's engagement is only conditional, and the condition is precedent. The jury have not found at what time the suit was brought against McIver, but they have found that it was not brought before the 30th June, 1797. They have not found that any execution was taken out upon that judgment, nor have they stated whether McIver became insolvent before or after the judgment was rendered against him. They have only found that he became insolvent before the suit was brought against the present defendant, McKenzie.

The fact of due diligence must have been necessarily in issue, as part of the plaintiff's cause of action, and the jury not having expressly found that due diligence was used, and not having found facts enough for the court to decide whether such diligence was used or not, I think a venire facias de novo ought to be awarded.

KILTY, Chief Judge, and MARSHALL, Circuit Judge, assented.

The authorities cited were, Lee v. Love, MS. (since reported in 1 Call, 497); Kyd, 208; Strange, 745; 1 Wils. 48; 1 Term R. 167; 1 Salk. 132; Mackie v. Davis, 2 Wash. [Va.] 219; 2 Ld. Raym. 758; 3 Burrows, 1522; Kyd, 165; Bull. N. P. 271; 2 Strange, 1145.